STATE EX REL. DAVIDSON *v*. SULLIVAN CIRCUIT COURT, ETC.

[No. 0-767. Filed February 21, 1966.]

Rakestraw, J.—The relator filed his verified petition for a writ of mandate in this court on May 13, 1965. In it, he seeks to have the respondent judge of the Sullivan Circuit Court ordered to appoint pauper counsel for the purpose of taking an appeal and order a transcript of his trial record prepared for an appeal.

No writ was issued from this court immediately. However, the respondent, having been served with a copy of the petition voluntarily prepared and filed a return incorporating the affidavit of the respondent judge, affidavits of one of the court appointed pauper counsel, and the complete court record of the case in which the relator was convicted.

The defendant was charged in an affidavit with second degree burglary and with safe burglary. In the trial court, the relator was represented by two attorneys of his choice who represented him through the trial of his case. After considerable preliminary proceedings, the relator was tried before a jury in a five day jury trial in the Sullivan Circuit Court. The relator was found guilty of second degree burglary and not guilty of safe burglary. The relator through his counsel then filed a motion for a new trial, which was overruled on March 1, 1965.

Later the relator asked the court to appoint counsel for him for the purpose of pursuing an appeal. The court appointed Jesse E. Bedwell as counsel to represent the relator in an appeal. However, said counsel after conferring with the relator and examining the record in the case declined to serve as counsel because he could find no meritorious grounds of appeal. The court then proceeded to appoint another attorney, Warren R. Everett, to represent the relator.

Later on the same date that the court had appointed the second attorney as his counsel, the relator came back into

court with his original attorneys and requested the court to withdraw his request for an appointment of a pauper attorney. The court granted his request.

On March 26, twenty-three days after he withdrew his request for the appointment of a pauper attorney, the relator filed a new request for the appointment of a pauper attorney. It was after the denial of this second petition by the trial court that the relator filed his petition in this court.

There seems to be no question as to the verity of the record in the trial court. The relator in his petition alleges nothing in contradiction to the record.

Nor does the relator allege any facts or circumstances which make error in the trial of the cause a possibility. His petition merely contains the general allegation that the relator believes there are many errors in the trial court. Three attorneys who have represented him at various stages of the proceedings seem to disagree. The relator does not go so far in his petition as to claim he is innocent.

In view of the fact that the relator with the assistance of two counsel of his own choice withdrew his petition for the appointment of a pauper attorney to represent him, he is bound by that action.

The petition of the relator is therefore denied.

Myers, C. J., Jackson and Arterburn, JJ., concur. Achor, J., not participating.

Note.—Reported in 214 N. E. 2d 175.